IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
AUG 30 2002
UNITED STATES DISTRICT
NORTHERN DISTRICT OF AL...A

| | |
|---|---|
| FULCRUM INSURANCE CO., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NUMBER |
| | ) CV-01-C-1404-S |
| JOEL ROBERTS, | ) |
| Defendant. | ) |

ENTERED
SEP 3 2002

## MEMORANDUM OF OPINION
## GRANTING MOTION FOR SUMMARY JUDGMENT

Before this Court is Plaintiff's Motion for Summary Judgment. Based on the undisputed facts, the Motion for Summary Judgment is GRANTED for the reasons stated herein.

### I. FACTS

1. Defendant Joel Roberts was self-employed as a tractor-trailer driver. His wife sought to purchase commercial automobile insurance on Roberts' behalf. In that regard, she contacted Jack Bransdorf, an employee at Trans Con Assurance. Roberts completed an application and obtained an insurance policy through Trans Con.

2. In July of 1999, Bransdorf wrote Roberts informing him that he could get lower insurance rates if he switched insurance carriers from Progressive Insurance to Fulcrum Insurance Company. Bransdorf ran a motor vehicle report on Roberts and filled in an application on his behalf. On July 30 1999, he mailed the completed application to Roberts for him to sign. Between the time Bransdorf ran the motor vehicle report and mailed the application, Roberts was

31

charged with driving while under the influence of alcohol.

3. When Roberts received the application, he did not review the information contained therein. He simply signed it and returned it. Question 14 on the application asks if any drivers have moving traffic violations. The answer indicated on the application is "No." Roberts signed the application without changing the answer to question 14 and never notified Bransdorf or Fulcrum that he had been arrested for DUI and his license had been suspended.

4. On August 30, 1999, Roberts was involved in an accident in DeSoto County, Mississippi, while driving his tractor-trailer. Two people were killed in the accident. Roberts notified Fulcrum of the accident. Subsequently, two wrongful death suits were brought against Roberts.

5. Fulcrum brought this suit seeking a declaratory judgment in order to deny coverage to Roberts due to the misrepresentation on the application.

## II. APPLICABLE LAW

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.

Under Alabama law, it is well established that a "person who signs an instrument without reading it, when he can read, can not, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, because [he is] not informed of its contents; and the same rule [applies] to one who can not read, if he neglects to have it read, or to enquire as to its contents." Mitchell Nissan, Inc. v. Foster, 775 So.2d 138, 140 (Ala.2000)(quoting Beck & Pauli

2

Lithographing Co. v. Houppert, 16 So. 522, 522 (Ala. 1894)).

### III. ANALYSIS

The plaintiff, Fulcrum Insurance Company, seeks a declaratory judgment that it is entitled to rescind the defendant's insurance policy pursuant to Alabama Code §27-14-7 (1975). That section provides, in pertinent part, the following:

> Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent recovery under the policy of contract unless either: (1) Fraudulent; (2) Material either to the acceptance of the risk or to the hazard assumed by the insured; or (3) the insurer would either not have issued the policy or contract...if the true facts had been made known to the insurer as required by the application for the policy or contract or otherwise.

Defendant Roberts' DUI charge was, in fact, a material misrepresentation under §27-14-7. The DUI charge presented such a material risk that Fulcrum would not have insured Roberts if they had been notified of the charge.

Further, Roberts cannot void the misrepresentation because he chose not to read the insurance application. Once Robert affixed his signature to the insurance, he was bound by what he represented in it. It is well established under Alabama law that Roberts, a person fully capable of reading, cannot waive the effect of his signature simply because he signed the insurance policy without reading it and verifying its accuracy. See Mitchell Nissan, Inc. v. Foster, 775 So.2d 138, 140 (Ala.2000).

Therefore, even when the facts are viewed in the light most favorable to Roberts, under Alabama law, he is bound by the effect of his signature, even though he failed to read the document. Accordingly, Fulcrum Insurance Company is entitled to judgment as a matter of law and summary judgment is hereby granted.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment will be granted by separate order.

DONE this 30th day of August 2002.

*[signature]*

Chief United States District Judge
U.W. Clemon

4